No. 12,334.

### MRS. P. A. COUDROY, WIDOW, ETC., VS. JOSEPH PECOT.

When a succession no longer needs administration and the administrator is discharged, and the heirs put in possession, the co-heir who is the holder of a note payable on the settlement of the succession, can bring suit against his co-heirs.

If there has been no settlement of the heirs of their respective claims, the defendant co-heirs can plead in compensation, debts due by the plaintiff heirs to them in the succession.

APPEAL from the Twenty-fourth Judicial District Court for the Parish of St. Mary. *Allen, J.*

---

*Walter J. Burke* and *Philip H. Mentz* for Plaintiff, Appellee.

---

*D. Caffery & Son* for Defendant, Appellant.

---

Submitted on briefs January 7, 1897.
Opinion handed down February 1, 1897.
Rehearing refused March 15, 1897.

The opinion of the court was delivered by

McENERY, J.   The plaintiffs allege that they are co-owners and holders of a promissory note for two thousand one hundred and eight dollars and seven cents, secured by mortgage, made and executed by Anais Pecot and J. C. Pecot.   The prayer of the petition is that Joseph C. Pecot be condemned to pay the above amount in principal and interest and for the recognition and the execution of the special mortgage securing said note.   That Mrs. Angele Pecot be recognized as surviving widow in community of Pierre A. Coudroy, the payee on the note, and to be entitled to one-half of the amount of said note and interest, and that the children, issue of the marriage with Pierre A. Coudroy, be entitled to the other half.

The defendant filed an exception to the suit, averring that the same is premature, the obligation on which it is based not being due; that the note is payable at the date of the final settlement of the estate of Mrs. Charles Pecot, in which estate the exceptor and plaintiffs are heirs; that there had been rendered by the court an order placing said heirs in possession, but the avowed and only object of putting the heirs in possession was to enable the heirs in said estate to make title to certain property of said estate over to the Pecot Sugar Factory Company, Limited, a corporation organized by said heirs for the better management of their business of growing cane and manufacturing sugar; that but for the organization of said corporation and the necessity of making titles to it the order of putting the heirs in possession would not have been applied for, as the respective rights of the numerous heirs in said estate were then and are now unsettled; there being large and important accounts yet to be adjusted, and the final interests of the respective heirs yet to be fixed and settled; that the said heirs and plaintiffs understood then, and have since acknowledged that the said adjustment and settlement was yet to be made; that the plaintiffs are largely indebted to the said estate, as will be shown on such settlement, and that it was the intention at the time the obligation was made that the same should be paid principally out of the funds realized from said settlement.

This exception was overruled.

The defendant answered, reserving his exception, and alleging that the plaintiff was indebted to the defendant by reason of said want of settlement, and that this would offset the debt sued on.

There was judgment for plaintiffs, and defendant appealed.

The issues presented are contained in the exception, and the answer and exception may both be considered at the same time.

The note sued on reads as follows: "At the date of the final settlement of the estate of Mrs. Felicite Sigur, widow of Charles Pecot, late of said parish, both deceased, we promise to pay to the order of Pierre A. Coudroy, the sum of two thousand one hundred and eight dollars and seven cents, with 8 per cent. per annum interest thereon from date until paid, for value received.

(Signed)          "ANAIS PECOT.
                  "J. O. PECOT."

The act of mortgage recites: "Being the same fund due and owing to said Coudroy by the said Anais and Joseph C. Pecot on a final settlement and liquidation of all accounts between said parties on the 23d day of July, A. D. 1881, which said sum the said Madam Anais and Joseph C. Pecot hereby acknowledge themselves to owe * * * payable to the order of said P. A. Coudroy in the final settlement of the estate of Mrs. Felicite Sigur, widow of Charles Pecot, both deceased, and now in the course of administration and settlement.

The litigants are all heirs of Mrs. Felicite Sigur. Madam Anais Pecot is dead, and Joseph C. Pecot accepted her succession unconditionally.

On the application of the heirs of Mrs. Sigur, on the 29th of June, 1893, the District Judge rendered judgment discharging the administrator of her succession, as there was no longer any necessity for the continuance of the administration. The heirs were thus placed in possession and there was an end of it. It was settled so far as the law could settle it. We can not, notwithstanding the evidence discloses the fact, say that it was settled for a specific purpose, to enable the heirs to make title to property. The succession can not be considered as settled for one purpose only.

The suit was not, therefore, prematurely brought against the heirs who have been sent into possession.

But the note and mortgage are payable on final settlement of the administration. The discharge of the administrator does not carry with it a presumption that all the heirs interested in the property have had their claims adjudicated between them. There has been no settlement among the heirs. The note is payable on final settlement. It is to be interpreted as being payable on a final settlement between them.

It is recited in the act of mortgage that the amount of indebtedness was ascertained on final settlement between the heirs on the day of the execution of the note. Having been made payable on final settlement of the estate of Mrs. Sigur, there was evidently in contemplation a further settlement to be made between them, or the payment was deferred until the settlement between them, in view of future transactions between them.

We think the defendant is entitled to present the defence which he urges, that on final settlement between the heirs it will be found that the plaintiff has no claim against the defendant.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and annulled and reversed, and it is now ordered that the case be remanded with leave to defendant to urge any claims or offsets that he may have against the plaintiffs, his co-heirs, and with directions to the lower court to proceed to judgment after a trial of the issues herein indicated. Costs of appeal to be paid by plaintiffs, all other costs to await final judgment.